UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JARED DERRICO,<br><br>Defendant | Criminal No.  22cr10008<br><br>Violations:<br><br>Count One:  Tax Evasion<br>(26 U.S.C. § 7201)<br><br>Counts Two to Three:  Mail Fraud<br>(18 U.S.C. § 1341)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. The defendant, JARED "JAY" DERRICO, resided in Boxford, Massachusetts.

2. From in or about September 2005 to in or about May 31, 2018, DERRICO held an apprentice plumber's license in Massachusetts, and DERRICO owned and operated a plumbing business under the name Derrico Services in or about 2015 and 2016, and under the name The Pipe Surgeon in or about 2017 through 2019.

3. Victim 1 was a customer of DERRICO who resided in New Hampshire and owned property in Boston, Massachusetts.

4. The Internal Revenue Service ("IRS") was an agency of the United States within the United States Department of the Treasury and was responsible for administering the tax laws of the United States.

The Federal Tax Requirements

5.      Individual taxpayers generally are required to accurately report each year to the IRS their income and attendant tax obligations on a Form 1040, U.S. Individual Income Tax Return.  The IRS uses Form 1040 to assess taxpayers' tax liability.  DERRICO and his spouse annually filed Forms 1040 as a married couple filing jointly.

3.      DERRICO operated Derrico Services as a sole proprietorship from in or about 2015 to in or about 2017, and operated The Pipe Surgeon as a sole proprietorship in or about 2018.  For federal tax purposes, the gross receipts and expenses of Derrico Services and of The Pipe Surgeon were reported in those years on IRS Schedule C, Profit or Loss from Business, as part of DERRICO's Form 1040.

4.      Beginning in or about 2019, DERRICO operated The Pipe Surgeon as an S Corporation.  For federal tax purposes, S Corporations pass corporate income (or losses) through to their shareholders, as well as certain deductions and credits.  Accordingly, for the 2019 tax year, The Pipe Surgeon was required to report to the IRS its annual gross receipts or sales, expenses, and resulting income or loss on a Form 1120S, U.S. Income Tax Return for an S Corporation, and the company's income (or loss) was passed through to DERRICO for tax purposes and reported on DERRICO's Form 1040.

Tax Evasion

5.      From in or about 2015 to 2019, DERRICO maintained personal and business banking accounts for Derrico Services and for The Pipe Surgeon.

6.      From in or about 2015 to 2019, DERRICO's customers paid him for plumbing services principally by check.

7.     DERRICO endorsed these checks and deposited some of them into his personal bank accounts instead of into his business accounts, and other checks he cashed.

8.     During tax years 2015 to 2018, DERRICO did not report on Schedule C of his Form 1040 the checks he deposited into his personal accounts or cashed.

9.     For tax years 2018 and 2019, DERRICO provided his tax preparer with bank records for his business accounts, but not for his personal bank accounts. As a result, his tax preparer was unaware of business receipts deposited into DERRICO's personal bank accounts or of business receipt checks that DERRICO cashed, and did not include these amounts on DERRICO's Form 1040.

10.    For the 2019 tax year, DERRICO's tax preparer informed DERRICO that his gross business receipts were roughly $1,400,000 based on DERRICO's business bank records. DERRICO falsely told his tax preparer that half of that amount was a reinvestment of DERRICO's own money into the business. In fact, as DERRICO knew, the $700,000 was business revenue from The Pipe Surgeon. As a result of DERRICO's false statement, the tax preparer reduced the reported business receipts on DERRICO's Form 1040 by $700,000.

11.    On or about November 19, 2020, DERRICO filed a false Form 1040 and a false Form 1120 for tax year 2019. The Form 1120S listed gross receipts for The Pipe Surgeon as $783,549, even though DERRICO's bank records show total receipts for the year of approximately $2,742,690. This additional income never passed through to DERRICO's Form 1040 for 2019, causing DERRICO to underreport his income for tax year 2019 by approximately $1,959,141.

12.    In total, for tax years 2015 through 2019, DERRICO failed to report or pay taxes on roughly $3,757,990 in gross business receipts by cashing checks, diverting business receipts into

his personal bank accounts, and providing incomplete records to his tax preparers, thereby evading approximately $1,453,909.81 in taxes.

## Scheme to Defraud

13. Since at least in or about 2016, DERRICO has defrauded multiple plumbing customers by overcharging them for services and billing them for services he did not actually render.

14. As one example, from in or about 2017 to in or about 2021, DERRICO told Victim 1 that he had discovered numerous plumbing and other maintenance problems that had to be fixed at Victim 1's property in Boston, Massachusetts. DERRICO billed Victim 1 for, among other things, fixing leaks, replacing tile in a bathroom and boiler room, replacing a boiler, installing a heated driveway, building a roof deck, and installing three air conditioning units.

15. For the services DERRICO purportedly provided, Victim 1 paid DERRICO roughly $1,300,000. Victim 1 usually paid DERRICO by check sent by United States mail to DERRICO in Massachusetts from Victim 1's residence in New Hampshire. Victim 1 also wired payments to DERRICO's bank accounts.

16. In about June 2021, after Victim 1 contacted DERRICO because the air conditioning in his Boston property was not working, DERRICO admitted that although he had billed Victim 1 for installing three air conditioner units, he had never installed any units.

17. In or about July 2021, DERRICO admitted to Victim 1 that he had overcharged him for the services he had purportedly rendered.

COUNT ONE
Tax Evasion
(26 U.S.C. § 7201)

The United States Attorney charges:

18. The United States Attorney re-alleges and incorporates by reference paragraphs 1-17 of this Information.

19. In or about 2019 through November 19, 2020 in the District of Massachusetts and elsewhere, the defendant,

JARED DERRICO

willfully attempted in any manner to evade and defeat income tax due and owing by him and his spouse to the United States of America for the calendar year 2019 by committing the following affirmative acts, among others: (a) depositing checks from plumbing customers into his personal bank accounts instead of his business bank accounts; (b) cashing checks from plumbing customers instead of depositing them into his business bank accounts; (c) failing to inform his tax preparer of the diverted gross receipts; (d) falsely stating to his tax preparer that gross receipts were actually reinvestment of personal funds; and (e) preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S. Individual Tax Return, Form 1040, which was filed with the Internal Revenue Service, and which stated that DERRICO's taxable income for the calendar year was $124,218, and that the amount of tax due and owing thereon was $13,045 when in fact, as DERRICO then and there knew, his taxable income for the calendar year was $2,025,354, and the amount of the tax due and owing thereon was $798,596.

All in violation of Title 26, United States Code, Section 7201.

## COUNTS TWO AND THREE
### Mail Fraud
### (18 U.S.C. § 1341)

The United States Attorney further charges:

20. The United States Attorney re-alleges and incorporates by reference paragraphs 1-3 and 13-17 of this Information.

21. In or about 2018, in the District of Massachusetts and elsewhere, the defendant,

### JARED DERRICO

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did, for the purpose of executing and attempting to execute the scheme, knowingly cause to be deposited any matter and thing whatever to be sent and delivered by the U.S. Postal Service, and take and receive therefrom, any such matter and thing, to wit:

| Count | Approximate Date | Mailing |
|---|---|---|
| 2 | April 19, 2018 | Letter sent from Victim 1 in New Hampshire to DERRICO in Massachusetts |
| 3 | August 28, 2018 | Letter sent from Victim 1 in New Hampshire to DERRICO in Massachusetts |

All in violation of Title 18, United States Code, Section 1341.

**FORFEITURE ALLEGATION**
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

22. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1341, set forth in Counts Two and Three, the defendant,

JARED DERRICO

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to be forfeited includes, but is not limited to, the following assets:

   a. A Money Judgment Amount, to be entered in the form of a forfeiture money judgment of at least $322,352.72 in United States currency.

23. If any of the property described in Paragraph 22, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant--

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 22 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

KRISS BASIL
Digitally signed by KRISS BASIL
Date: 2022.01.11 12:16:58 -05'00'

Kriss Basil
Assistant United States Attorney
District of Massachusetts

Date:   January 11, 2022